UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EUGENE HESTER,

                         Plaintiff,                Civil Action No.
                                                 9:21-CV-1017
          v.                                 (GLS/TWD)

STACEY FREDENBURGH et al.,

                         Defendants.

---

APPEARANCES:                                        OF COUNSEL:

EUGENE HESTER
13-A-0855
Plaintiff, pro se
Eastern New York Correctional Facility
Box 338
Napanoch, NY 12458

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      This action was commenced in September 2021 by pro se plaintiff Eugene Hester, an inmate in the custody of the New York State Department of Corrections and Community Supervision (DOCCS).  *See* Dkt. No. 1 ("Compl.").  On October 8, 2021, the Court issued a Decision and Order granting plaintiff's application to proceed in the action in forma pauperis (IFP), and conditionally dismissed the original complaint because, inter alia, the claims were barred by the Supreme Court's decision in *Heck v. Humphrey*, 215 U.S. 477 (1994).  Dkt. No. 7 ("October Order") at 7-8.  The October Order permitted plaintiff to amend his complaint to "correct[] the pleading defects" identified with his original complaint.  *Id.* at 9.  Plaintiff availed

himself of the opportunity amend, and the Court received plaintiff's amended pleading on or about December 3, 2021. Dkt. No. 11 ("Am. Compl."). The Clerk has now forwarded the amended complaint to the Court for review pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A").

## II.   DISCUSSION

### A.   Governing Legal Standard

The legal standard governing the Court's review of a pleading pursuant to Sections 1915 and 1915A was discussed at length in the October Order and will not be restated in this Decision and Order. *See* October Order at 2-4.

### B.   Summary of the Amended Complaint

Whereas plaintiff's original complaint was six pages in length and named one defendant (Stacey Fredenburgh), plaintiff's amended complaint is thirty-nine pages long and names thirty-one defendants.[1] *Compare* Compl., *with* Am. Compl. The original complaint alleged that defendant Fredenburgh intentionally miscalculated plaintiff's release date in violation of the New York State Penal Law. *See generally* Compl. Plaintiff's amended complaint includes that same allegation and adds new ones suggesting that plaintiff filed a writ of habeas corpus in state court claiming the same intentional miscalculation. *See generally* Am. Compl. Plaintiff also adds new allegations concerning incidents that occurred at Eastern New York Correctional Facility ("Eastern C.F.") dating back to 2015 and continuing through the end of 2021. *Id.* Generally, the new allegations involve harassment and retaliation complaints against the newly added defendants (DOCCS employees, most of

---

[1] The caption of the amended complaint lists thirty defendants. Am. Compl. at 1. In "Section III" of the amended complaint, however, plaintiff identifies one additional defendant (Lieutenant DiCariano) not listed in the caption. *Id.* at 11 (¶ 21).

2

whom are stationed at Eastern C.F.) and detail plaintiff's attempts to vindicate his alleged rights. *Id.*

**C.     Analysis**

For the same reasons as those detailed in the October Order, any claims arising from plaintiff's allegations that his release date has been miscalculated are dismissed. *See* October Order at 7-8. In particular, the claims are barred by *Heck*. The amended complaint fails to allege that plaintiff's conviction or sentence has been overturned or invalidated. While plaintiff has alleged that he filed a writ of habeas corpus in state court challenging the alleged miscalculation of his sentence, the amended complaint does not provide any information concerning the disposition of that state court action or whether it is still pending. The fact that plaintiff remains incarcerated lends credence to the Court's inference that plaintiff's sentence and conviction remain intact. Accordingly, plaintiff's claims related to his allegations that his sentence has been miscalculated are dismissed pursuant to Sections 1915(e)(2)(B) and 1915A(b) as barred by *Heck*.

As for the remaining claims, arising from allegations entirely unrelated to the calculation of plaintiff's release date, because the Court granted plaintiff leave to amend only to correct the pleading defects discussed in the October Order, plaintiff may not amend his complaint to add new claims that are unrelated to the underlying incident and facts originally giving rise to this action. *See, e.g.*, *Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir. 1992) (concluding that the district court did not abuse its discretion in denying leave to amend because the new claims were unrelated to the original claims and because the plaintiff could raise those new claims in a separate action); *Mitchell v. Am. Arbitration Assoc.*, No. 17-CV-8566, 2018 WL 10419732, at *3 (S.D.N.Y. May 17, 2018) ("This Court is authorized to

3

disregard claims that go beyond the scope of the amendment permitted in [the Court's] December Order."). In the event plaintiff wishes to pursue any cause of action arising from those new allegations, he must commence a new action.

## III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's amended complaint (Dkt. No. 11) is accepted for filing purposes only, and the Clerk is respectfully directed to modify the docket to reflect the named defendants listed in the amended pleading; and it is further

**ORDERED** that plaintiff's amended complaint (Dkt. No. 11) is **DISMISSED** pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A in accordance with this Decision and Order; and it is further

**ORDERED** that the Clerk shall close this action and enter Judgment accordingly; and it is further

**ORDERED** that, in the event plaintiff wishes to pursue any claims separate and apart from those arising from the alleged miscalculation of his release date, plaintiff may commence a new action by filing a new complaint. If plaintiff wishes to file a new action, he must comply with the applicable filing fees. In light of plaintiff's pro se incarcerated status, the Clerk is respectfully directed to provide plaintiff a courtesy copy of his amended complaint and attached exhibits for his reference, a blank IFP application, and a blank inmate authorization form; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice for this Court.

**IT IS SO ORDERED.**

February 14, 2022
Albany, New York

_____
Gary L. Sharpe
Senior U.S. District Judge